UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| SCREAM, LLC d/b/a MYSTERY.COMEDY, )<br>)<br>Plaintiff/Counterclaim )<br>Defendant, )<br>vs. )<br>)<br>WYNDHAM VACATION RESORTS, INC., )<br>f/k/a FAIRFIELD RESORTS INC. and )<br>WYNDHAM RESORT DEVELOPMENT )<br>CORPORATION, f/k/a TRENDWEST )<br>RESORTS, INC., )<br>)<br>Defendant/Counterclaimants, )<br>)<br>vs. )<br>)<br>REBECCA STEVENS )<br>Counterclaim Defendant. | Case No. 4:09-CV-00380-DW |

### WYNDHAM VACATION RESORTS, INC. AND WYNDHAM RESORT DEVELOPMENT CORP.'S JOINT MOTION FOR LEAVE TO FILE AMENDED COUNTERCLAIMS AND SUGGESTIONS IN SUPPORT

Defendants/Counterclaimants Wyndham Vacation Resorts, Inc., f/k/a Fairfield Resorts, Inc. ("WVR") and Wyndham Resorts Development Corp., f/k/a Trendwest Resorts, Inc. ("WRD"), by and through counsel and pursuant to Rule 15(a) of the Federal Rules of Civil Procedure, respectfully move to amend the Counterclaims filed on behalf of defendants/counterclaimants. In support of this motion, WVR and WRD state as follows:

1. On May 18, 2009, plaintiff Scream, LLC ("Scream") filed its original Complaint against Wyndham Vacation Ownership, Inc. Thereafter on July 24, 2009, plaintiff filed an Amended Complaint against WVR and WRD. On August 7, 2009, WVR and WRD filed an Answer to plaintiff's Amended Complaint, along with a Counterclaim alleging one count for

conversion against plaintiff and additional Counterclaim defendant, Rebecca Stevens ("Stevens").

2. On August 26, 2009, Scream and Stevens filed a Joint Motion to Dismiss WVR and WRD's counterclaim pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure ("Motion to Dismiss"). Contemporaneous with the filing of this motion for leave, WVR and WRD have filed a response in opposition to plaintiff's Motion to Dismiss, in which defendants/counterclaimants have contended that plaintiff's Motion to Dismiss is unfounded as counterclaimants have properly plead their claim for conversion.

3. Counterclaimants/defendants seek leave to amend their Counterclaims against Stevens and Scream based on Counterclaimants' additional investigation and research of Missouri law, leading WVR and WRD to believe that they have additional causes of action against Scream and Stevens relating to the counterclaim defendants' misappropriation of certain documents belonging to WVR and WRD.

4. Specifically, WVR and WRD seek to amend their Counterclaims in order to add claims seeking declaratory relief (pursuant to 28 U.S.C. § 2201) and injunctive relief, as well as claims for unjust enrichment and trespass to chattel. Additionally, as stated in their response to the Motion to Dismiss, although defendants believe they have properly asserted a cause of action for conversion, WVR and WRD also seeks to amend their conversion claim in order to provide additional details regarding the allegations of their conversion claims against Scream and Stevens.

5. Pursuant to Rule 15(a) of the Federal Rules of Civil Procedure, leave to amend should be freely given "when justice so requires." Denial of leave to amend is disfavored, and a district court judge should grant leave absent a substantial reason to deny. *Foman v. Davis*, 371

U.S. 178 (1962); *Frey v. City of Herculaneum*, 44 F. 3d 667, 672 (8th Cir. 1995). Denial of leave to amend is justified only in the limited circumstances of undue delay, bad faith, on the part of the moving party, futility of the amendment, or unfair prejudice to the opposing party. *Krisin v. May Dept. Stores Co.*, 218 F.3d 919, 924 (8th Cir. 2000). It has been stated that a "liberal, pro-amendment ethos dominates the intent in judicial construction of Rule 15(a)(2)." *See* Moore's Federal Practice 3d, § 15.14[1]. Parties should usually be given at least one chance to amend their pleadings. *Wisdom v. First Midwest Bank, of Poplar Bluff*, 167 F.3d 402, 409 (8th Cir. 1999).

6. In this instance, Counterclaimants' motion for leave is justified, was not the result of undue delay, dilatory or motive or bad faith, and will not result in any prejudice whatsoever to Scream or Stevens. Counterclaimants have made no prior requests for leave to amend, and this case is in its infancy. Indeed, to date no discovery has been taken by any party and the parties have not yet even met to develop a proposed scheduling order.

7. Defendants' proposed Amended Counterclaim has been attached hereto as Exhibit A.

WHEREFORE, for the foregoing reasons, defendants/counterclaimants WVR and WRD seek an Order of the Court granting them leave to file their Amended Counterclaims and granting such other and further relief as the Court deems just and proper.

ARMSTRONG TEASDALE LLP

BY: s/ David A. Jermann
    Edward R. Spalty    #14308
    espalty@armstrongteasdale.com
    David A. Jermann    #19686
    djermann@armstrongteasdale.com
    2345 Grand Boulevard, Suite 2000
    Kansas City, Missouri 64108-2617
    (816) 221-3420
    (816) 221-0786 (facsimile)

ATTORNEYS FOR WYNDHAM VACTION RESORTS, INC. AND WYNDHAM RESORT DEVELOPMENT CORP.

## Certificate of Service

    The undersigned hereby certifies that a true and correct copy of the foregoing document was electronically filed, and notification of such filing was made by the Court via E-mail to all counsel electronically registered with the Court, on this 10th day of September, 2009.

s/ David A. Jermann
Attorney for Wyndham Vacation Resorts, Inc. and Wyndham Resort Development Corp.

5492786_1.DOC    4

Case 4:09-cv-00380-DW   Document 13   Filed 09/10/09   Page 4 of 4