UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| SCREAM, LLC d/b/a MYSTERY.COMEDY, | ) |
| | ) |
| Plaintiff/Counterclaim Defendant, | ) ) ) |
| | ) |
| vs. | ) ) |
| WYNDHAM VACATION RESORTS, INC. AND WYNDHAM RESORT DEVELOPMENT CORP., | ) ) ) ) ) |
| | Case No. 4:09-CV-00380-DW |
| Defendants/Counterclaimants | ) ) |
| vs. | ) ) |
| REBECCA STEVENS | ) ) |
| Counterclaim Defendant | |

## AMENDED COUNTERCLAIM AGAINST SCREAM, LLC D/B/A MYSTERY.COMEDY AND REBECCA STEVENS

Counterclaimants Wyndham Vacation Resorts, Inc. f/k/a Fairfield Resorts, Inc. ("WVR") and Wyndham Resort Development Corp. f/k/a TrendWest Resorts, Inc. ("WRD") (WVR and WRD are hereafter referred to as "Counterclaimants"), for their Counterclaim against Scream, LLC d/b/a Mystery.COMedy ("Scream") and Rebecca Stevens ("Stevens") (Scream and Stevens are hereafter referred to as "Counterclaim Defendants"), state as follows:

### General Allegations

1.  At all relevant times hereto, Counterclaimant Wyndham Vacation Resorts, Inc. is/was a corporation registered in the State of Delaware, with its principal places of business in Orlando, Florida.

2. At all relevant times hereto, Counterclaimant Wyndham Resort Development Corp. is/was a corporation registered in the State of Oregon, with its principal place of business in Orlando, Florida.

3. Upon information and belief, Counterclaim Defendant Scream, LLC d/b/a Mystery.COMedy is a Missouri limited liability company doing business in Missouri with a registered agent in Missouri.

4. Upon information and belief, Counterclaim Defendant Stevens is the President and sole member of Scream, LLC d/b/a Mystery.COMedy and is a resident of the State of Missouri, residing in this District.

5. In 2005 and 2006, Wyndham Vacation Resorts, Inc. f/k/a Fairfield Resorts, Inc. and Wyndham Resorts Development Corp. f/k/a TrendWest Resorts, Inc. and Scream entered into a series of individual contracts relating to Scream's providing certain services to Counterclaimants.

6. Specifically, Scream agreed to put on "Murder Mystery Weekend" shows, which were intended to provide entertainment to current and prospective clients of the Counterclaimants.

7. All agreements entered into between Scream and Counterclaimants were formalized through individualized written agreements between plaintiff and Counterclaimants.

8. In conjunction with Scream's contractual agreements to provide certain services to Counterclaimants, WVR and WRD provided Scream, through Stevens, certain manifests containing confidential, proprietary customer data relating to Counterclaimants' customers and prospects (hereafter the "Manifests").

9. The customer and prospect information in the Manifests included, among other things, the customers/prospects' name and contact information.

10. Counterclaimants provided the Manifests containing its confidential, proprietary data to Scream and Stevens solely for the purpose of allowing Scream and Stevens to provide Counterclaimants with the services that were the subject of individual contracts negotiated between Scream and Counterclaimants.

11. Each of the Manifests provided to Scream and Stevens were prepared individually, and contained data relating only to those prospects and customers of WVR and WRD who were intending to attend the "Murder Mystery Weekends" to be put on by Stevens and Scream.

12. Scream and Stevens fully understood that their rights to use Counterclaimants' Manifests were limited solely to the services being provided subject to the individual contracts between Counterclaimants and Scream.

13. After the relationship between Scream and Counterclaimants ended, Counterclaimants requested, both directly and through counsel, that Scream and Stevens return the Manifests. To date Scream and Stevens have refused to do so.

14. Furthermore, in a letter dated November 14, 2008, counsel for Scream and Stevens advised that Scream and Stevens believed they were permitted to "utilize, share, or sell the customer data" that was received from Counterclaimants for purposes of putting on the mystery weekends.

15. Upon information and belief, and based on the letter from counsel for Scream and Stevens, Counterclaimants have reason to believe Scream and/or Stevens has or will use or disclose the Manifests in violation of Counterclaimants' rights and to their detriment.

16. In addition, and based on the letter from counsel for Scream and Stevens, WVR and WRD anticipate Scream and Stevens will use or disclose the confidential customer/prospect information in violation of the customers/prospects' privacy rights. Said prospects/customers provided their contact information to WVR and WRD solely for WVR and WRD's business purposes.

17. Insofar as the Manifests contain information regarding WVR and WRD customers and prospects—information which is not publicly available and which was collected at great expense to WVR and WRD—the Manifests are of value to WVR and WRD.

18. The Manifests are also of value to third-parties in that they could be used by third-parties to solicit WVR and WRD's customers and prospects, to the detriment of WVR and WRD and violation of the customers/prospects privacy rights.

19. To the extent the Manifests have been used/disclosed (or are used/disclosed in the future), the value of the Manifests to WVR and WRD may be diminished or lost entirely.

### Count I – Conversion/Misappropriation

20. Counterclaimants repeat and re-allege the allegations of all the preceding paragraphs of their Counterclaim as if fully set forth herein.

21. Counterclaimants' Manifests constitute valuable property belonging to Counterclaimants.

22. Scream and Stevens were fully aware that Counterclaimants owned (and were entitled to possession of) their Manifests.

23. Scream and Stevens have improperly maintained the Manifests despite being aware that they are the property of Counterclaimants and despite requests by Counterclaimants to return same.

24. Scream and Stevens have misappropriated and converted the Manifests (and the information contained therein) by refusing to return the Manifests to WVR and WRD.

25. By refusing to return the Manifests, Scream and Stevens have misappropriated and converted the Manifests for their own use.

26. By virtue of Scream and Steven's misappropriation and conversion of Counterclaimants' Manifests, Counterclaimants have been substantially damaged in an amount to be determined at trial.

27. By virtue of Scream and Steven's misappropriation and conversion of Counterclaimants' property, Scream and Stevens have been unjustly enriched and/or will be unjustly enriched in an amount to be determined at trial.

28. Scream and Steven's misappropriation and conversion of Counterclaimants' customer data was malicious, wanton, and willful, thereby entitling Counterclaimants to an award of punitive damages.

WHEREFORE, Counterclaimants demand judgment in their favor against Scream and Stevens and asks the Court to: (a) grant Counterclaimants an award of damages in an amount to be determined at trial; (b) order a restitution remedy disgorging Scream and Stevens from any and all compensation earned as a result of its use of any of the customer data misappropriated and converted by Scream; (c) grant an award of punitive damages in an amount no less than double Counterclaimants' compensatory award; (d) order Scream and Stevens to immediately return any and all of Counterclaimants' Manifests which were wrongfully misappropriated from Counterclaimants; and (e) award such other and further relief that the Court deems just, proper and equitable together with the costs and disbursements of this action.

## Count II – Unjust Enrichment

29. Counterclaimants repeat and re-allege the allegations of all the preceding paragraphs of their Counterclaim as if fully set forth herein.

30. Counterclaimants' Manifests constitute valuable property belonging to Counterclaimants.

31. By providing the Manifests to Scream and Stevens—said manifests containing confidential, proprietary information relating to WVR and WRD's customers and prospects—WVR and WRD conferred a benefit upon Scream and Stevens.

32. Scream and Stevens have acknowledged and recognized the benefit conferred upon them as a consequence of WVR and WRD providing them with the Manifests as evidenced by, *inter alia*, Scream and Stevens's attorney's threat that Scream and Stevens may "utilize, share or sell" the Manifests.

33. Scream and Stevens have accepted and retained the benefit of the Manifests by continuing to possess the Manifests despite the termination of Scream and Stevens' relationship with WVR and WRD and despite WVR and WRD's demand for the return of the Manifests.

34. As Scream and Stevens have not compensated WVR or WRD for the Manifests and have no right to further use of the Manifests in light of the termination of the relationship between WVR and WRD and Scream and Stevens, Scream and Stevens have been unjustly enriched (and will continue to be unjustly enriched) by their continued possession of the Manifests.

WHEREFORE, Counterclaimants demand judgment in their favor against Scream and Stevens and ask that the Court: (a) grant Counterclaimants an award of damages in an amount to be determined at trial; (b) order a restitution remedy disgorging Scream and Stevens from any and all compensation earned as a result of their use of any of the customer data misappropriated

and converted by Scream; (c) grant an award of punitive damages in an amount no less than double Counterclaimants' compensatory award; (d) order Scream and Stevens to immediately return any and all of Counterclaimants' Manifests which were wrongfully misappropriated from Counterclaimants; and (e) award such other and further relief that the Court deems just, proper and equitable together with the costs and disbursements of this action.

### Count III – Trespass to Chattel

35. Counterclaimants repeat and re-allege the allegations of all the preceding paragraphs of their Counterclaim as if fully set forth herein.

36. Counterclaimants' Manifests constitute valuable property belonging to Counterclaimants.

37. Scream and Stevens were fully aware that Counterclaimants owned (and were entitled to possession of) their Manifests.

38. Scream and Stevens have improperly maintained the Manifests by refusing to return same to WVR and WRD, despite being aware that said Manifests are the property of Counterclaimants and despite requests by Counterclaimants to return same.

39. Scream and Stevens have thereby intentionally intermeddled in WVR and WRD's rights of ownership and possession of the Manifests.

40. Scream and Stevens have misappropriated and converted the Manifests by refusing to return the Manifests to WVR and WRD.

41. By refusing to return the Manifests, Scream and Stevens have engaged in a trespass to chattel belonging to WVR and WRD.

42. By virtue of Scream and Steven's intentional trespass to chattel of WVR and WRD, Counterclaimants have been damaged in an amount to be determined at trial.

43. Scream and Steven's trespass of Counterclaimants' customer and prospect data, in the form of the Manifests, was malicious, wanton, and willful, thereby entitling Counterclaimants to an award of punitive damages.

WHEREFORE, Counterclaimants demand judgment in their favor against Scream and Stevens and asks the Court to: (a) grant Counterclaimants an award of damages in an amount to be determined at trial; (b) order a restitution remedy disgorging Scream and Stevens from any and all compensation earned as a result of their use of any of the customer data misappropriated and converted by Scream; (c) grant an award of punitive damages in an amount no less than double Counterclaimants' compensatory award; (d) order Scream and Stevens to immediately return any and all of Counterclaimants' Manifests which were wrongfully misappropriated from Counterclaimants; and (e) award such other and further relief that the Court deems just, proper and equitable together with the costs and disbursements of this action.

### Count IV – Declaratory Judgment Pursuant to 28 U.S.C. § 2201

44. Counterclaimants repeat and re-allege the allegations of all the preceding paragraphs of their Counterclaim as if fully set forth herein.

45. Counterclaimants' Manifests constitute valuable property belonging to Counterclaimants.

46. Scream and Stevens were fully aware that Counterclaimants owned (and were entitled to possession of) the Manifests.

47. Scream and Stevens have improperly maintained the Manifests despite being aware that they are the property of Counterclaimants and despite requests by Counterclaimants to return same.

48. Scream and Stevens have misappropriated and converted the Manifests by refusing to return the Manifests to WVR and WRD.

49. By refusing to return the Manifests, Scream and Stevens have misappropriated and converted the Manifests for their own use.

50. WVR and WRD are entitled to the exclusive possession and use of the unique Manifests, including all information contained therein.

51. Any right Scream and Stevens may have previously had with respect to the Manifests was limited to using the manifests for purposes of presenting "Murder Mystery Weekends" in conjunction with separate written contracts between Scream and WVR and/or WRD.

52. Scream and Stevens' right to use and possession of the Manifests ended upon the termination of the relationship between Scream and WVR and/or WRD.

53. The declaratory relief sought herein will serve to clarify and/or resolve the parties' respective rights to the Manifests and to help resolve the controversy that exists between the parties.

54. WVR and WRD's request for declaratory relief is not prohibited under the statutory limitations imposed by 28 U.S.C. § 2201.

WHEREFORE, Counterclaimants seek an order of the Court (a) declaring that WRD and WVR are the rightful owners of the Manifests, (b) declaring that Scream and Steven's right to maintain the Manifests ended upon the termination of the relationship between WVR, WRD, Scream and Stevens, (c) and ordering Scream and Stevens to immediately return any and all of Counterclaimants' Manifests (including any copies thereof) which were wrongfully misappropriated/maintained by Counterclaimants; (d) ordering that Scream and Stevens make no

further use of the Manifests, and (e) awarding such other and further relief that the Court deems just, proper and equitable together with the costs and disbursements of this action.

**Count IV – Injunctive Relief**

55. Counterclaimants repeat and re-allege the allegations of all the preceding paragraphs of their Counterclaim as if fully set forth herein.

56. Counterclaimants' Manifests constitute valuable property belonging to Counterclaimants.

57. Scream and Stevens were fully aware that Counterclaimants owned (and were entitled to possession of) the Manifests.

58. Scream and Stevens have improperly maintained the Manifests despite being aware that they are the property of Counterclaimants and despite requests by Counterclaimants to return same.

59. Scream and Stevens have misappropriated and converted the Manifests by refusing to return the Manifests to WVR and WRD.

60. By refusing to return the Manifests, Scream and Stevens have misappropriated and converted the Manifests for their own use.

61. WVR and WRD are entitled to the exclusive possession and use of the Manifests, including all information contained therein.

62. Any right Scream and Stevens may have previously had with respect to the Manifests was limited to using the manifests for purposes of presenting "Murder Mystery Weekends" in conjunction with separate written contracts between Scream and WVR and/or WRD.

Case 4:09-cv-00380-DW   Document 13-1   Filed 09/10/09   Page 10 of 12

10

63. Scream and Stevens' right to use and possession of the Manifests ended upon the termination of the relationship between Scream and WVR and/or WRD.

64. WVR and WRD will suffer irreparable harm if Scream and Stevens are permitted to maintain or use the Manifests (or any of the information contained therein) insofar as Scream and Stevens use/possession of same will interfere in WVR and WRD's relationship with customers and prospects identified in the Manifests, thereby resulting in a loss of goodwill between WVR and WRD with its customers and prospects. Scream and Stevens threatened use of the Manifests will also result in a violation of the privacy rights of the customers/prospects whose confidential information is contained within the Manifests.

65. WVR and WRD lack an adequate remedy at law insofar as if Scream and Stevens continue to maintain the Manifests and to carry out their threat to "utilize, sell or share" the data contained in the Manifests, WVR and WRD will suffer, *inter alia*, a loss of goodwill with its customers and prospects which cannot be remedied by monetary damages.

66. Scream and Stevens will in no way be damaged by the Court's granting of permanent injunctive relief in favor of WVR and WRD in that none of their rights or privileges will be in any manner impacted. Moreover, to the extent that Scream and Stevens allege they will somehow be damaged by the Court's granting of a permanent injunction, said damages are overwhelmingly outweighed by the injury WVR, WRD, and its customers/prospects will experience should the requested injunctive relief not issue.

67. Granting the requested injunctive relief is in no way contrary to the public interest.

WHEREFORE, Counterclaimants seek an order of the Court (a) ordering Scream and Stevens to immediately return any and all of Counterclaimants' Manifests (including any copies

thereof) which were wrongfully misappropriated/maintained by Counterclaimants; (b) ordering that Scream and Stevens make no further use of the Manifests, and (c) awarding such other and further relief that the Court deems just, proper and equitable together with the costs and disbursements of this action.

        ARMSTRONG TEASDALE LLP

        BY: s/ David A. Jermann
            Edward R. Spalty   #14308
            espalty@armstrongteasdale.com
            David A. Jermann   #19686
            djermann@armstrongteasdale.com
            2345 Grand Boulevard, Suite 2000
            Kansas City, Missouri 64108-2617
            (816) 221-3420
            (816) 221-0786 (facsimile)

ATTORNEYS FOR WYNDHAM VACTION RESORTS, INC. AND WYNDHAM RESORT DEVELOPMENT CORP.

**Certificate of Service**

    The undersigned hereby certifies that a true and correct copy of the foregoing document was electronically filed, and notification of such filing was made by the Court via E-mail to all counsel electronically registered with the Court, on this 10th day of September, 2009.

        s/ David A. Jermann
        Attorney for Wyndham Vacation Resorts, Inc. and
        Wyndham Resort Development Corp.